UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**DENISE CROS-TOURE,**
    Petitioner,

v.   7:23-cv-1259-CLM-GMB

**KIMBERLY NEELY,**
    Respondent.

## MEMORANDUM OPINION

The magistrate judge has entered a report (doc. 15), recommending that the court dismiss this petition for writ of habeas corpus (doc. 1) without prejudice for Petitioner Denise Cros-Toure's failure to exhaust her administrative remedies. Cros-Toure objects to the report and recommendation. (Doc. 16).

In her objections, Cros-Toure repeats the same arguments she made in her petition and in her reply. (*See* Docs. 1 & 13). She contends that the "administrative remedy system is broken," her requests for an administrative remedy "go misplaced or lost," and she is "told to resubmit" by prison staff. (Doc. 16, p. 1). But Cros-Toure acknowledges that the applicable regulations provide that an "inmate shall consider the absence of a response to be a denial at that level and move to the next level." (Doc. 16, p. 2). Based on these regulations, the court agrees with the magistrate judge that Cros-Toure could have appealed her August 2, 2023, request for an administrative remedy to the regional director after she did not receive a response. (Doc. 15, p. 4). But Cros-Toure chose not to do so. So the court **OVERRULES** this objection.

Cros-Toure also repeats her argument that she moved forward with her habeas petition "because her Home-confinement date and Elderly offender date had approached, and it would be unjust to sit and do nothing." (Doc. 16, p. 2). But as noted by the magistrate judge, Cros-Toure's projected release date is December 21, 2024, allowing her enough time to obtain administrative

review of her claims. (Doc. 15, pp. 2, 6). So the court **OVERRULES** this objection.

Finally, Cros-Toure objects because the medical care at FCI Aliceville is "inadequate and insufficient to say the least." (Doc. 16, p. 2). Claims attacking conditions of confinement "fall outside of th[e] core" of habeas corpus and must be brought under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 63 (2004). For this reason, the court **OVERRULES** this objection.

After considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will **DISMISS WITHOUT PREJUDICE** the petition for writ of habeas corpus (doc. 1). The court will enter a separate final judgment that closes this case.

**Done** on May 14, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE